**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Branden Adkins, et al., | No. CV 12-1615-PHX-RCB (JFM) |
| Plaintiffs, | **ORDER** |
| vs. | |
| Christopher Abrams, et al., | |
| Defendants. | |

Plaintiffs Branden Adkins; Christopher Abrams; Cody Brandt; Keoki Agosto; Clarence Butler, Jr.; William K. Elicker; Samuel Gusman, Jr.; Vaopele T. Iiga; Warren Kekona, III; Daniel Kenolio; Keone Labatad; Harry B. Loughmiller, Jr.; Justine Luhia; Earl Naki; Jason K. Santos; Loto Satele; Moses Thompson; Paul M. Togia; Senita M. Tuivailala; Potaufa Ula; and Shadrach Unea, who are represented by attorney Jess A. Lorona, have filed a Complaint under this Court's diversity jurisdiction and 42 U.S.C. § 1983. Plaintiffs have paid the filing fee. The Court will order Defendants to answer the Complaint.

**I.   Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

**TERMPSREF**

claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

**II.    Complaint**

Plaintiffs name the following Defendants in the Complaint: Corrections Corporation of America ("CCA"); Nathaniel Samberg; Chief Lopez; C.O. Schneider; C.O. Rocha; and Sort Members Ondolich, Romero, Gaulik, and Gambi.

Plaintiffs claim that on July 26, 2010, various inmates fought or caused a disturbance during which a lieutenant or other employee of CCA was injured.  Plaintiffs claim that, from July 26, 2010 through August 30, 2010, CCA and its employees engaged in pattern of retaliation that included stripping Plaintiffs of nearly all their clothing, beating them, and questioning them.  When Plaintiffs refused to provide written statements or provided brief statements, Defendants "demanded that Plaintiffs write more, and then hit and hurt Plaintiffs

in an effort coerce further statements." Plaintiffs claim they had their heads banged on tables while handcuffed behind their backs; were hit by multiple officers while on their knees and handcuffed; and were kicked while on the ground. Plaintiffs claim that Defendants threatened to continue beating them until they provided statements and that Defendants also threatened to harm their families.

Plaintiffs raises nine claims for relief:

(1) Defendants violated Plaintiffs' rights under the Constitution and laws of the United States;

(2) Defendants committed assault and battery on each of the Plaintiffs;

(3) Defendants committed the tort of negligent infliction of emotional distress on Plaintiffs and caused serious injuries to Plaintiffs;

(4) Defendants "intentionally inflicted severe emotional distress upon each of the Plaintiffs and caused injuries to Plaintiffs";

(5) Defendants negligently and/or intentionally "inflicted serious and extreme emotional distress, fear, stress, worry, and anxiety upon Plaintiffs";

(6) CCA deliberately failed to preserve evidence of wrongdoing and Defendants deliberately falsified reports and other information;

(7) Each of the Defendants "conspired to commit the wrongs alleged in Count[s] I-V . . . and took substantial steps in the commission thereof";

(8) Defendants' actions "were committed willfully, intentionally, maliciously, for an improper purpose, in reckless disregard for the rights of Plaintiffs, and in a grossly negligent fashion, warranting an award of exemplary or punitive damages against Defendants"; and

(9) "CCA is responsible under the doctrine of respondeat superior for the actions of its employees[.]"

Plaintiffs seek money damages. The Court will require Defendants to answer the Complaint.

. . .

**IT IS ORDERED:**

(1) Plaintiffs must either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendants within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later. If Plaintiffs fail to complete service in this time, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(2) Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(3) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(4) This matter is referred to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 9th day of August, 2012.

_____
Robert C. Broomfield
Senior United States District Judge