**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Branden Adkins, et al., | ) | No. CV-12-1615-PHX-SMM |
| Plaintiffs, | ) | |
| v. | ) | **ORDER** |
| Corrections Corp. of America, et al., | ) | |
| Defendants. | ) | |

The Court is in the midst of conducting a jury trial in this matter. Plaintiffs have now rested their case and Defendants move under Fed. R. Civ. P. 50(a) for judgment as a matter of law. (Doc. 217.) The parties presented cogent and thorough arguments regarding this motion, which the Court took under advisement. The Court now grants, in part, and denies, in part, Defendants' motion.

## STANDARD OF REVIEW

Rule 50(a) reads in full: "If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient basis to find for the party on that issue, the court may resolve the issue against the party . . ." Fed. R. Civ. P. 50(a)(1)(A) (West 2014). In analyzing a motion for judgment as a matter of law, the Court must draw all reasonable inferences in favor of the nonmoving party without making credibility assessments or weighing the evidence. See, e.g., Summers v. Delta Air Lines, Inc., 508 F.3d 923 (9th Cir. 2007). However, the nonmoving party is not entitled to the benefit of unreasonable inferences, or those that are contrary to the undisputed facts. See id.

**DISCUSSION**

**I.  42 U.S.C. § 1983 Excessive Force**

*Extent of Plaintiffs' Physical Injuries*

Defendants argue that Plaintiffs' excessive force claims should be denied as a matter of law because Plaintiffs failed to prove that they suffered significant injuries, thus failing to demonstrate that excessive force was used. (Doc. 217 at 7.). The Court disagrees.

In Hudson v. McMillian, 503 U.S. 1 (1992), the Supreme Court rejected the notion that "significant injury" is a threshold requirement for stating an excessive force claim. The "core judicial inquiry," it held, was not whether a certain quantum of injury was sustained, but rather "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id.; accord Wilkins v. Gaddy, 559 U.S. 34, 37 (2010). In the seminal case Whitley v. Albers, 475 U.S. 312, 320-21, (1986), the Supreme Court established five factors that courts must consider when determining "good faith effort" in the prisoner context:

(1) the need for the application of force,

(2) the relationship between the need and the amount of force that was used

(3) the extent of injury inflicted

(4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them,

(5) any efforts made to temper the severity of a forceful response.

Whitley, 475 U.S. at 320-21.

It remains in dispute whether the use of any degree of force was necessary. Plaintiffs' injuries, though minor, were received during investigations following a gang fight. Each Plaintiff has testified that, to one degree or another, he was threatened and coerced by Defendants and other unidentified individuals into making statements about the Hotel Alpha gang-fight disturbance and were beaten and kicked he refused. In response, Defendant alleges only that these "disciplinary investigations" were necessary to address (1) tensions between members of the two rival gangs would escalate into a facility-wide disturbance; and

(2) the possibility that other staff may be targeted and assault or killed. (Doc. 217 at 6.). At this time, and without argument addressing the need for force in follow-up investigations, the relationship between the need and amount of force used, the actual extent of the threats to the prison staff and other inmates, and efforts to temper the severity of the response, Defendants' motion on this issue must be denied.

*Individual Defendant Identification*

Next, Defendants argue that Plaintiffs have failed to specifically identify particular individual defendants who allegedly exercised excessive force against the Plaintiffs. (Doc. 217 at 5.) Based upon Rizzo v. Goode, 423 U.S. 362 (1976) and Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), Defendants assert that § 1983 liability arises only upon a showing of a specific defendant's personal participation. The Court agrees that Plaintiffs must establish a specific Defendant's personal participation.

Much of Plaintiffs' evidence did not identify specific allegations of excessive force against named individual Defendants. On the other hand, certain individual Plaintiffs did allege specific allegations of excessive force against named Defendants. Therefore, based on the evidence presented by the individual Plaintiffs, the arguments of counsel, and drawing all reasonable inferences in favor of the nonmoving party without making credibility assessments or weighing the evidence, the Court finds that the following individual Plaintiffs and the following individual Defendants remain in the case: Plaintiffs Ula, Togia, Kenolio, Elicker, Adkins, Satele, Brandt, Loughmiller, Iiga, Unea and Butler; Individual Defendants Schneider, Romero, Samberg, Gawlik, and Garcia. The remaining Plaintiffs and Individual Defendants will be dismissed.

*Supervisory Liability*

The Court agrees that a supervisor's mere "knowledge and acquiescence" of a constitutional violation is not enough. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Liability arises only upon a showing of personal participation by the supervisor. Taylor, 880 F.2d at 1045. Here, Defendant Ioane was merely a contract monitor for the State of Hawaii. In that role, he reviewed Corrections Corp. of America's ("CCA") performance for compliance with

1   its contractual obligations.  Ioane was not personally involved in the alleged assaults.  He
2   will be dismissed.

3       *Monell Claim*

4           Under color of state law, a government entity may not be held responsible for the acts
5   of its employees under a *respondeat superior* theory of liability. See Bd. of County Comm'rs
6   v. Brown, 520 U.S. 397, 403 (1997).  Therefore, Plaintiffs must go beyond the *respondeat*
7   *superior* theory of liability and demonstrate that the alleged constitutional deprivation was
8   the product of a policy or custom of the local governmental unit, because liability must rest
9   on the actions of the governmental unit, and not the actions of the employees of the unit. See
10  Brown, 520 U.S. at 403.  Plaintiffs have not claimed or presented evidence that CCA or the
11  State of Hawaii had an official policy that caused the excessive force alleged.  Rather,
12  Plaintiffs contend that CCA and the State of Hawaii are liable because CCA Warden
13  Thomas, Assistant Warden Griego, and Defendant Ioane were "managerial employees" who
14  approved of the alleged assaults committed by the corrections officers in this particular
15  instance.

16          The Court disagrees.  To trigger liability based on a single decision by an official
17  under Monell, Plaintiffs must show that the official was a final policymaker who either: (1)
18  made a conscious, affirmative choice from among various alternatives to follow a particular
19  course of action or (2) ratified a subordinate's conduct and the bases for it.  See City of St.
20  Louis v. Praprotnik, 485 U.S. 112, 127 (1988); Pembaur v. City of Cincinnati, 475 U.S. 469,
21  483-84 (1986). The Court agrees with Defendants that none of these state actors had final
22  policy-making authority.   Plaintiffs' Monell claim will be dismissed.

23  **II.  State Law Claims**

24      *Assault and Battery*

25          The Court has already issued its preliminary jury instructions.  Regarding its
26  instruction on Arizona's elements to establish the claim of assault and battery, the same basic
27  elements that are part of Plaintiffs' excessive force allegations are also at issue in Plaintiffs'
28  assault and battery claim.  Therefore, the remaining individual Plaintiffs and the remaining

1  individual Defendants will continue as part of this claim.

2      *Negligent and Intentional Infliction of Emotional Distress*

3      Under Arizona law, physical injury or illness is required to establish negligent
4  infliction of emotional distress.[1]  The Court finds that the individual Plaintiffs have failed to
5  produce evidence in support of this claim.  Although, Plaintiffs state in conclusory fashion
6  that they felt "scared," "stressed," "depressed," or "anxious," Plaintiffs submitted no proof
7  of physical injury or illness.  Plaintiffs' conclusory statements are insufficient, and therefore
8  this claim will be dismissed.

9      Under Arizona law, intentional infliction of emotional distress requires proof of: (1)
10  extreme and outrageous conduct: (2) intent to cause emotional distress or reckless disregard
11  of the near certainty that it will occur; and (3) severe emotional distress. Citizen Publ'g Co.
12  v. Miller, 115 P.3d 107, 110 (Ariz. 2005).  As previously stated, although, Plaintiffs state in
13  conclusory fashion that they felt "scared," "stressed," "depressed," or "anxious," such
14  statements or comments do not provide sufficient proof for a claim of severe emotional
15  distress.  Therefore this claim will be dismissed.

16      *Respondeat Superior*

17      An employer is vicariously liable for the tortious conduct of an employee only when
18  the employee acts within the course and scope of his employment and the act was motivated
19  at least in part by a purpose to serve the employer. Smith v. Am. Express Travel Related
20  Serv. Co., 876 P.2d 1166, 1170 (Ariz. App. 1994).  Here, the Court finds as a matter of law
21  that the alleged acts of the individual Defendants–assaulting inmates in retaliation for the
22  inmate assault upon a correction officer–were not motivated at least in part by a purpose to

23

24      [1]At oral argument, Plaintiffs urged the Court to adopt the new Restatement (Third) of
25  Torts, § 47. While Arizona courts generally follow the Restatement in the absence of
   controlling Arizona law when they deem it good legal authority, they "do not follow the
26  Restatement blindly . . . and will come to a contrary conclusion if Arizona law suggests
27  otherwise." Powers v. Taser International, Inc., 217 Ariz. 398, 174 P.3d 777, 782 (App.
   2007). Here, Arizona law maintains the requirement of physical injury or illness as one of
28  the elements of the tort of negligent infliction of emotional distress.

serve the employer.  Therefore, this claim will be dismissed.

**III.  Punitive Damages and Injunctive Relief**

At this stage of the proceeding, and taking the evidence and the inferences in the light most favorable to the Plaintiffs, the Court will not dismiss Plaintiffs' allegations of punitive damages.

Finally, the Court finds that because there have not been subsequent similar issues or problems arising from the conduct at issue in this case, and because many of the inmates are no longer incarcerated at the subject facility or are serving sentences at other non-CCA facilities, the Court will grant Defendants' request to deny Plaintiffs' request for injunctive relief.

Accordingly,

**IT IS HEREBY ORDERED** granting, in part, and denying, in part, Defendants' motion for judgment as a matter of law.  (Doc. 217.)

**IT IS FURTHER ORDERED** that the Clerk of Court shall dismiss with prejudice the following individual Plaintiffs and individual Defendants from this action: Plaintiffs Thompson, Agosto, Santos, Kekona, Luhia, Naki, Labatad, Abrams, Gusman, and Tuivailala; Defendants Rocha, Ondulich, Cantey and Ioane.

**IT IS FURTHER ORDERED** granting, in part, and denying, in part, Defendants' motion to dismiss Claim 1, Plaintiffs' claim under 42 U.S.C. § 1983.  The supervisor liability allegations and the Monell claim are dismissed with prejudice.  Plaintiffs' § 1983 excessive force allegations against the individual Defendants remain.

**IT IS FURTHER ORDERED** dismissing the following State Law Claims: Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress; and Vicarious Liability.

**IT IS FURTHER ORDERED** denying Defendants' motion to preclude Plaintiffs' claim for punitive damages.

///

///

1      **IT IS FURTHER ORDERED** granting Defendants' motion to dismiss Plaintiffs'

2   claim for injunctive relief.

3      DATED this 13th day of February, 2015.

Stephen M. McNamee
Senior United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28